# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case No. 25-2785

---

THUMBTACK INC.,
Defendant – Appellant,

v.

AHMAD WILLIAMS,
Plaintiff – Appellee

---

On Appeal from Order of the
United States District Court, Eastern District of Pennsylvania

---

**THUMBTACK'S REPLY BRIEF IN SUPPORT OF ITS APPEAL**

---

**Defendant–Appellant**
By Its Attorneys,
Benesch, Friedlander, Coplan &
Aronoff LLP

| | | |
|---|---|---|
| Johanes Maliza | Noelle Torrice | Meghan Golden |
| 127 Public Square, | 1313 North Market | 71 South Wacker Drive |
| Suite 4900 | Street, Suite 1201 | Suite 1600 |
| Cleveland, OH 44144 | Wilmington, DE 19801 | Chicago, IL 60606 |
| (216) 363-1503 | (302) 442 7056 | (312) 624-6378 |
| jmaliza@beneschlaw.com | ntorrice@beneschlaw.com | mgolden@beneschlaw.com |

**Date:** January 28, 2026

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................. 1

ARGUMENT ..................................................................................... 3

    I.    This court has jurisdiction to hear the appeal under the FAA. ................................................................................. 3

    II.    The sham-affidavit doctrine applies to the Williams Declarations. ......................................................................... 4

    III.    Williams is not entitled to discovery ............................................ 11

    IV.    No genuine dispute of material fact prevents the Court from compelling arbitration ............................................... 13

        A.    Williams had reasonable notice of the November 2022 TOU. .......................................................... 14

        B.    Williams assented to the November 2022 TOU. ...................................................................................... 19

        C.    There is no dispute regarding the arbitrability of Williams's claims against Thumbtack. .......................... 24

    V.    Williams creates a prejudice requirement to argue that the District Court did not commit procedural error. .............................................................................................. 25

    VI.    Williams' opposition to Thumbtack's request for oral argument is improper. ........................................................ 27

CONCLUSION ................................................................................. 28

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alston v. Forsyth*,
  379 F. App'x 126 (3d Cir. 2010) .................................................................27

*In re American Home Mortgage Holdings, Inc.*,
  637 F.3d 246 (3d Cir. 2011) .........................................................................16

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011).....................................................................................27

*Bacon v. Avis Budget Grp., Inc.*,
  959 F.3d 590 597–99 (3d Cir. 2020) ..............................................................4

*Berman v. Freedom Fin. Network, LLC*,
  30 F.4th 849 (9th Cir. 2022) ........................................................................14

*In re Cendant Corp. Securities Litigation*,
  181 F. App'x 206 (3d Cir. 2006) ..................................................................16

*In re Cendant Corp. Securities Litigation*,
  343 F.3d 658 (3d Cir. 2003) ..................................................................15, 16

*In re Cendant Corp. Securities Litigation*,
  404 F.3d 173 (3d Cir. 2005) .........................................................................16

*In re Cendant Corp. Securities Litigation*,
  454 F.3d 235 (3d Cir. 2006) .........................................................................16

*Century Indem. Co. v. Certain Underwriters at Lloyd's*,
  584 F.3d 513 (3d Cir. 2009) .........................................................................13

*Checcia v. SoLo Funds, Inc.*,
  771 F. Supp. 3d 594 (E.D. Pa. 2025)............................................................20

*Chilutti v. Uber Techs., Inc.*,
  --- A.3d ---, 2026 WL 156181 (Pa. Jan. 21, 2026) .......................................22

*Chilutti v. Uber Techs., Inc.*,
  300 A.3d 430 (Pa. Ct. App. 2023) ...............................................22

*In re: CitX Corp.*,
  448 F.3d 672 (3d. Cir. 2006)........................................................5

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023)...................................................................27

*Cornelius v. CVS Pharmacy Inc.*,
  133 F.4th 240 (3d Cir. 2025) .....................................................12

*Daubert v. NRA Group, LLC*,
  816 F.3d 382 (3d Cir. 2017) ......................................................16

*Dicent v. Kaplan Univ.*,
  758 F. App'x 311 (3d Cir. 2019) ..................................................4

*Fed. Ins. Co. v. Richard I. Rubin & Co.*,
  12 F.3d 1270 (3d Cir. 1993) ........................................................7

*Feldman v. Google, Inc.*,
  513 F. Supp. 2d 229 (E.D. Pa. 2007)..........................................20

*Fireman's Ins. Co. of Newark v. DuFresne*,
  676 F.2d 965 (3d Cir. 1982) ......................................................23

*Guidotti v. Legal Helpers Debt Resolution*,
  716 F.3d 764 ........................................................................13, 26

*Hackman v. Valley Fair*,
  932 F.2d 239 (3d Cir. 1991) ........................................................8

*Happy v. Marlette Funding, LLC*,
  744 F. Supp. 3d 403 (W.D. Pa. 2024) .........................................20

*James v. GlobalTelLink Corp.*,
  852 F.3d 262 (3d Cir. 2017) ......................................................20

*Jersey Cent. Power & Light Co. v. Twp. Of Lacey*,
  772 F.2d 1103 (3d Cir. 1985).....................................................23

*Jiminez v. All American Rathskeller, Inc.*,
   503 F.3d 247 (3d Cir. 2007) ........................................................15

*John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*,
   119 F.3d 1070 (3d Cir. 1997)........................................................14

*Judon v. Travelers Prop. Cas. Co. of Am.*,
   773 F.3d 495 (3d Cir. 2014) ..........................................................9

*Mason v. Range Resources-Appalachia LLC*,
   120 F. Supp. 3d 425 (W.D. Pa. 2015) ............................................9

*Morales v. Sun Constructors, Inc.*,
   541 F.3d 218 (3d Cir. 2008) ........................................................20

*Nguyen v. Barnes & Noble Inc.*,
   763 F.3d 1171 (9th Cir. 2014) ......................................................21

*Nicosia v. Amazon, Inc.*,
   834 F.3d 220 (2d Cir. 2016) ........................................................20

*Parilla v. IAP Worldwide Servs., VI, Inc.*,
   368 F.3d 269 (3d Cir. 2004) .......................................................5, 9

*Quilloin v. Tenet HealthSystem Phila., Inc.*,
   673 F.3d 221 (3d Cir. 2012) ..........................................................4

*Scott v. Harris*,
   550 U.S. 372 (2007)......................................................................15

*Sgouros v. TransUnion Corp.*,
   817 F.3d 1029 (7th Cir. 2016) ......................................................23

*Sovereign Bank v. BJ's Wholesale Club, Inc.*,
   533 F.3d 162 (3d Cir. 2008) ..........................................................9

*Specht v. Netscape Commc'ns Corp.*,
   306 F.3d 17 (2d Cir. 2002) ..........................................................23

*Standard Venetian Blind Co. v. Am. Empire Ins. Co.*,
   469 A.2d 563 (Pa. 1983) ..............................................................19

*Stephenson v. AT&T Servs., Inc.,*
    No. 21-0709, 2021 WL 3603322 (E.D. Pa. Aug. 13, 2021)...............17, 18, 20

*Tinder v. Pinkerton Security,*
    305 F.3d 728 (7th Cir. 2002) ........................................................................18

*Turbin v. Thumbtack, Inc.,*
    No. 25-cv-03388, 2025 WL 3013972 (N.D. Cal. Oct. 28, 2025)...................17

*W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank,*
    712 F.3d 165 (3d Cir. 2013) ...........................................................................10

*Williams v. Thumbtack, Inc. et al.,*
    2:25-cv-3541 (E.D. Pa.), ECF No. 35, ECF No. 45.......................................10

*Young v. Experian Information Solutions, Inc.,*
    119 F.4th 314 (3d Cir. 2024) ..........................................................................12

**Statutes**

9 U.S.C. § 16(a)(1)(B) ..........................................................................................3

9 U.S.C. § 16(a)(1)(C).........................................................................................27

9 U.S.C. § 1, *et seq.*...........................................................................................1, 3

**Other Authorities**

Rule 12(d)............................................................................................................26

Rule 30(b)(6) .......................................................................................................16

Rule 56.............................................................................................................12, 21

<u>**INTRODUCTION**</u>

Williams contractually agreed to arbitrate all disputes with Thumbtack. Like the self-serving declarations and issues of "fact" that Williams manufactured in the District Court, Williams' Appellee Brief ("Appellee's Brief") does nothing more than misstate facts and law to avoid his contractual obligation. The Federal Arbitration Act ("FAA") gives this Court jurisdiction over Thumbtack's appeal of the District Court's order denying Thumbtack's Motion to Compel Arbitration ("Motion"). The District Court erroneously considered self-serving declarations submitted by Williams and denied Thumbtack's Motion before Thumbtack had an opportunity to reply.

Williams' position *today* is fundamentally different from the one he took at the outset of this litigation. His Complaint alleges that he used Thumbtack's platform to hire A-G Eagle and relied on Thumbtack's Terms of Use[1] when doing so. After Thumbtack filed its Motion and cited the

---

[1] For purposes of this Reply Brief, "Terms of Use" (without any date modifier) collectively refers to Thumbtack's November 2018 Terms of Use ("November 2018 TOU"), and Thumbtack's November 2022 Terms of Use ("November 2022 TOU"). The November 2022 TOU were in effect when the events at issue in this case took place. Williams' arguments regarding the November 2018 TOU and any preceding version of Thumbtack's Terms of

binding arbitration clause in its Terms of Use, Williams' story changed: he now said he had never used Thumbtack's platform. But that created a new problem for Williams: If he did not use Thumbtack's platform, he could not have hired A-G Eagle through Thumbtack. Recognizing that he could not wipe his hands of Thumbtack's platform, Williams decided to then involve his wife and claim that *she* is the one who used Thumbtack's platform. Yet Williams' wife declared that she never agreed to Thumbtack's Terms of Use, even though it is undisputed that one cannot sign up for a Thumbtack account without agreeing to the Terms of Use. The District Court seemed to recognize these contradictions, but nevertheless considered the Williamses' sham affidavits, which Williams appears to have submitted in a scheme to avoid arbitration. (App. at AA6 ("We face several disputed facts including at least one created by Plaintiff's inconsistent representations in his filings.").)

In one way or another, the Williamses used Thumbtack's platform to hire A-G Eagle; they do not dispute this. One must agree to Thumbtack's Terms of Use to access the platform; this too is undisputed. It is also

---

Use are neither relevant nor material because the November 2022 TOU govern this dispute. *See* Appellant's Br. at 10.

undisputed that Thumbtack's Terms of Use include a binding and enforceable arbitration clause. There is no genuine dispute of material fact regarding whether Williams agreed to arbitrate this dispute. Thus, on the merits, the District Court erred in denying Thumbtack's Motion. If the District Court had allowed Thumbtack to reply, Thumbtack would have presented the foregoing arguments in the lower court.

Though he has the wherewithal to maintain over a dozen pro se federal lawsuits, Williams is here manipulating the judicial system, requesting forbearance as a pro se litigant, and changing his factual assertions to fit whatever legal theory is before him at the moment, regardless of taking contrary positions in earlier pleadings in the same matter. Unsatisfied with the facts as they stood when Thumbtack appealed, Appellee's Brief asks the Court to consider new factual assertions outside the record on appeal in his continuing brazen effort to avoid his contractual obligation to arbitrate this dispute. Such conduct is not permissible and should not be rewarded.

## ARGUMENT

### I. This Court has jurisdiction to hear the appeal under the FAA.

Appellee's Brief is wrong to challenge this Court's jurisdiction. *See* Appellee's Br. at 16-18. As stated in Thumbtack's Statement of Jurisdiction,

*see* Appellant's Br. at 3, Thumbtack filed its Motion pursuant to the FAA, which permits "[a]n appeal . . . from an order denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B).

This Court has already decided that appellate jurisdiction is proper for an appeal of a without-prejudice denial of a motion to compel arbitration. *Quilloin v. Tenet HealthSystem Phila., Inc.*, 673 F.3d 221, 227 (3d Cir. 2012) ("Our jurisdiction is not affected by the fact that the order was denied without prejudice."). The fact that the District Court also ordered the parties to engage in discovery does not change this analysis. *See Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590 597–99 (3d Cir. 2020). Therefore, this Court clearly has jurisdiction over Thumbtack's appeal.

## II.    The sham-affidavit doctrine applies to the Williams Declarations.

The Williams Declarations represent the exact kind of sophistry that the sham-affidavit doctrine is designed to prevent. *See Dicent v. Kaplan Univ.*, 758 F. App'x 311, 312–14, n.5 (3d Cir. 2019) (self-serving affidavit from a plaintiff contending she was "unaware" of the arbitration agreement was insufficient to "save her from her agreement to arbitrate"). Appellee's Brief gets the purpose, scope, and spirit of the sham-affidavit doctrine exactly wrong. It does so by arguing that only testimony or a sworn complaint

triggers the doctrine; recasting clearly contradicting admissions as "mere add[itions of] important facts," by claiming that Williams' wife's self-serving declaration rescues his own self-serving declaration, and by incorrectly claiming that allegations in a complaint are not binding judicial admissions. Appellee's Br. at 33-42. None of Williams' arguments against the application of the sham-affidavit doctrine pass muster.

The Williams Declarations are sworn statements that should be analyzed under the sham-affidavit doctrine. *See In re: CitX Corp.*, 448 F.3d 672, 679 (3d. Cir. 2006) ("We perceive no principle that cabins sham affidavits to a particular sequence").

Williams argues that the sham-affidavit doctrine does not apply because there is no deposition testimony or sworn complaint at-issue. *See* Appellee's Br. at 33–34. It is irrelevant, however, that he did not testify or aver to the truthfulness of the allegations in his Complaint. The allegations in the Complaint are judicial admissions just like sworn testimony. *Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004). Recall, Williams, himself, wrote it. He cannot evade arbitration by providing self-serving declarations that directly contradict his prior judicial admissions in his Complaint. Indeed, he submitted the declarations only after

Thumbtack's Motion demonstrated that his own allegations mandated arbitration of his claims. *See* Appellee's Br. at 34 ("Mr. Williams's affidavit does not contradict his Complaint. It merely adds important facts that did not become relevant until Thumbtack's Motion to Compel Arbitration.").

Williams emphasizes that his declaration "does not contradict his Complaint" and instead "merely adds important facts." Appellee's Br. at 34-35. That assertion is plainly wrong and contradicted by comparing the Complaint to the Williams Declarations. In his Complaint, Williams states that he "retained [A-G Eagle] through Thumbtack…" (*see* App. at AA9 ¶ 8), "hired [A-G Eagle] through the Thumbtack website…" (*see* App. at AA10 ¶ 15), and "agreed to [Thumbtack's] service terms by selecting and hiring a contractor through their interface" (*see* App. at AA20 ¶ 37).[2] Wiliams then swears in his declaration that he "never personally used the Thumbtack platform or directed another to do so." (App. at AA116 ¶ 4). These two sets of facts are in direct contradiction: Williams could not have retained A-G Eagle through Thumbtack, hired A-G Eagle through the Thumbtack website,

_____

[2] Williams refers to Thumbtack's Terms of Use as "service terms" throughout his pleadings and briefing. Thumbtack understands this to be a reference to the Terms of Use.  As set forth in Appellant's Brief, the November 2022 TOU are what govern this dispute. Appellant's Br. at 9-15.

or agreed to Thumbtack's Terms of Use by selecting and hiring a contractor through Thumbtack's interface without personally using the Thumbtack platform (or at a minimum, directing his wife to do so).

Put another way, Williams' claims against Thumbtack are fundamentally premised on his use of Thumbtack's platform to hire A-G Eagle. Williams' sworn statement that he never used the platform directly contradicts his core allegations. After the notice of appeal, he tried to add and change facts. Appellee's Br. at 39–41 (discussing the contents of the proposed amended Complaint). But a party cannot add new facts to a case after the notice of appeal has been filed. *Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1284 (3d Cir. 1993). The record on appeal at the time the District Court denied the Motion is the record on appeal. To the extent that Williams believes different facts—not in the record on appeal—would bear on his obligation to arbitrate, he should submit those facts *to the arbitrator* pursuant to the Arbitration Agreement. Indeed, the delegation clause of the Arbitration Agreement includes unequivocal delegation of all questions of formation and arbitrability. (App. at AA86.)

Williams then asserts that the sham-affidavit doctrine should not apply because the statements are supported by other evidence in the record.

Appellee's Br. at 35–39. The "other evidence" Williams cites is the self-serving declaration of his wife, Malakia Williams, and statements he made in his various motions filed after filing of the notice of appeal. As set forth in Appellant's Brief, the Court should also disregard Ms. Williams' declaration under the sham-affidavit doctrine. *See* Appellant's Br. at 31–32. Her statements not only contradict the allegations in the Complaint but also go against Mr. Williams' narrative that his wife used the Thumbtack platform instead of him. Specifically, Ms. Williams swears that she did not agree to Thumbtack's Terms of Use (*see* App. at AA118 ¶ 3-5). But users cannot create a Thumbtack account without agreeing to Thumbtack's Terms of Use (*see* App. at AA56 ¶ 4). Ms. Williams' declaration was clearly submitted to aid in her husband's scheme to avoid arbitration and must be disregarded. *See e.g.*, *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991) (disregarding contradictory affidavit when determining whether a genuine issue of material fact exists). Mr. and Ms. Williams' statements made in lower-court pleadings are self-serving and fare no better.

Williams' last effort to avoid the application of the sham-affidavit doctrine is his claim that statements in a complaint are not binding judicial admissions. Appellee's Br. at 40–42. But they are. "Judicial admissions are

formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Parilla*, 368 F.3d at 275 (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). Statements made in a complaint are binding, judicial admissions. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 502 n.6 (3d Cir. 2014) ("A fact asserted in a pleading, which is both unequivocal and which would normally require evidentiary proof, constitutes a judicial admission."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("[T]he allegation in the amended complaint is a binding judicial admission."); *Parilla*, 368 F.3d at 275 (noting that the plaintiff "expressly conceded those facts in her complaint"); *Mason v. Range Resources-Appalachia LLC*, 120 F. Supp. 3d 425, 443 (W.D. Pa. 2015) ("Facts expressly conceded in a complaint are binding on the plaintiff.").

In *Sovereign Bank*, this Court refused to allow Plaintiff to "salvage" its claims by making statements "contrary" to the binding, judicial admissions in the complaint. 533 F.3d at 181. Similarly, in *Parilla*, the Court denied an appellee's motion to dismiss an appeal for lack of standing because the appellee's concessions in the complaint demonstrated standing. 368 F.3d at 275. This Court must also hold Williams accountable to the judicial

admissions he made in his Complaint. Williams' admissions are not "open to several interpretations" as he suggests. Appellee's Br. at 40. Williams' Complaint is fundamentally premised on hiring A-G Eagle through the Thumbtack platform, after agreeing to the Terms of Use. His manufactured position that he did not actually use Thumbtack's platform or agree to its Terms of Use is disingenuous.

It is true that judicial admissions can be withdrawn upon amendment of the pleading. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013); Appellee's Br. at 39. However, Williams has not amended his Complaint. Instead, Williams filed a motion for leave to file an amended complaint on October 15, 2025, a month after Thumbtack filed its notice of appeal, and after the District Court stayed all proceedings against Thumbtack. *Williams v. Thumbtack*, Inc. et al., 2:25-cv-3541 (E.D. Pa.), ECF No. 35, ECF No. 45; Appellee's Br. at PA42–72 (the proposed amended complaint). The District Court has not ruled on Williams' motion for leave to amend. As with the Williams Declarations, Williams is attempting to amend his Complaint to eliminate all facts that give rise to his obligation to arbitrate this dispute. If Thumbtack is eventually forced to further litigate this dispute in the District Court, it will oppose

Williams' motion to amend. In any event, this Court cannot consider whether Williams' amended complaint revoked his binding, judicial admissions because the controlling pleading for the purposes of this appeal is his original Complaint.

Put simply, one of two things must be true to support Williams' claim that Thumbtack breached any purported obligations it owed him regarding A-G Eagle's work: Mr. Williams used Thumbtack's platform to hire A-G Eagle, or Ms. Williams used Thumbtack's platform to hire A-G Eagle. Thumbtack set forth undisputed evidence that a user must agree to Thumbtack's Terms of Use before accessing Thumbtack's platform. (*See* App. at AA56 ¶ 4). The Williamses use their declarations to contradict the Complaint's allegations regarding the use of Thumbtack's platform, their notice of the Terms of Use, and their assent to a binding arbitration agreement. The sham-affidavit doctrine requires that the Court disregard such contradictions.

## III. Williams is not entitled to discovery.

Williams' reliance on sham affidavits to evade his arbitration obligations and the District Court's acceptance of those allegations exploits the motion-to-compel analytical framework in a manner that, if unchecked,

would reward artful pleading and undermine the enforceability of arbitration agreements. This case thus illustrates why the Court must apply *Young v. Experian Information Solutions, Inc.*, 119 F.4th 314 (3d Cir. 2024) and *Cornelius v. CVS Pharmacy Inc.*, 133 F.4th 240 (3d Cir. 2025), rigorously to prevent litigants from rendering arbitration agreements illusory through manufactured factual disputes.

In *Young* and *CVS Pharmacy*, this Court made clear that a district court may not reflexively deny a motion to compel arbitration and order discovery simply because a plaintiff raises a factual dispute. *Young*, 119 F.4th 314, 319–21 (the mandate for further factual discovery in this context is "limited" and warranted where there is a "genuine dispute of material fact" related to some aspect of contract formation or scope); *CVS Pharmacy*, 133 F.4th at 249 (explaining that not all factual disputes must be resolved to compel arbitration under a Rule 56 standard).

Thus, the proper inquiry under a Rule 56 analysis should require two steps. First, the court must take a plaintiff's allegations at face value. Where a plaintiff alleges that a contract was formed under an online terms of service, and then is held to those terms based on those allegations (i.e., by the defendant moving to enforce the terms by compelling arbitration), he

cannot subsequently contradict his own pleadings without explanation or evidence. Second, the Court must evaluate whether any of the non-contradictory factual disputes raised by the plaintiff are actually genuine and material by considering the evidence submitted by both parties. Where, like here, there can be no genuine and material factual dispute about the existence of an agreement to arbitrate and its scope, then further factual development regarding these threshold issues is unnecessary.

The District Court's *Guidotti* analysis incorrectly inverted this framework by accepting Williams' contradictory declarations at face value and ordering discovery without determining whether any of the manufactured "disputes" were actually genuine or material. This approach empowers plaintiffs, like Williams, to disavow prior admissions and turn motions to compel arbitration into automatic passes to engage in discovery.

## IV. No genuine dispute of material fact prevents the Court from compelling arbitration.

The two threshold questions the Court must address before compelling arbitration are: (1) whether the parties have entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Century Indem. Co. v. Certain Underwriters*

*at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). To assist the Court in considering the first question, the plaintiff must have had reasonable notice of the terms and manifested assent to those terms in some way. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). Here, the Court can answer both questions in the affirmative: the parties entered into a valid arbitration agreement and Williams' claims fall within the scope of the arbitration agreement.

### A. Williams had reasonable notice of the November 2022 TOU.

Williams contends that Thumbtack has not met its burden to prove that he received the November 2022 TOU because Thumbtack did not produce metadata and other technical information showing that he or his wife received Thumbtack's email containing the terms. *See* Appellee's Br. at 31. Williams also criticizes Ms. Atkinson's declaration, contending it was conclusory and insufficient to establish notice. *See* Appellee's Br. at 26, 41.

As a threshold issue, Williams makes several arguments in a footnote about Ms. Atkinson's "self-serving" declaration and the failure to provide evidence "capable of verification." Appellee's Br. at 32. Arguments presented in footnotes, however, are waived. *John Wyeth & Bro. Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997). But even if considered,

Williams identifies neither applicable law to support his position nor genuine disputes of material fact.

Williams' arguments also ignore his affirmative allegation that he hired A-G Eagle through Thumbtack's platform and formed a binding agreement by agreeing to Thumbtack's Terms of Use. (App. at AA9, AA20). No case Williams cites permits a party to defeat notice by contradicting such admissions.

At best, Williams' arguments and declarations amount to an attempt to show some "metaphysical doubt" as to whether Thumbtack provided notice of the November 2022 TOU. *Scott v. Harris*, 550 U.S. 372, 380 (2007). Such an argument, however, does not defeat summary judgment (or, in this case, a motion to compel arbitration). *Id.* Williams has not identified a single case requiring the level of technical or forensic evidence he claims is necessary to prove that a party received notice of an arbitration agreement through email.

Williams relies on *Jiminez v. All American Rathskeller, Inc.*, a case about the sham-affidavit doctrine and summary judgment, that says nothing about "underlying data" being required to defeat sworn denials. *See* 503 F.3d 247, 254–55 (3d Cir. 2007). Williams' citation to *In re Cendant Corp. Securities*

*Litigation*, does not relate to that case (nor any Third Circuit case). Upon further review, there were four Third Circuit opinions with that caption. The first dealt with an appeal related to a motion to compel discovery and the attorney work-product doctrine. 343 F.3d 658 (3d Cir. 2003). The second was about an attorney-fee dispute. 404 F.3d 173 (3d Cir. 2005). The third was about a former employee's claims for breach of contract and breach of the implied duty of good faith and fair dealing against her employer failing on their merits. 181 F. App'x 206 (3d Cir. 2006). Finally, the fourth was litigation about compensation claims following a settlement in a securities class action. 454 F.3d 235 (3d Cir. 2006). None of these opinions are relevant here. Further, *In re American Home Mortgage Holdings, Inc.*, contains no discussion about the presumption of receipt of emails; it is a bankruptcy appeal interpreting a provision of the bankruptcy code. 637 F.3d 246 (3d Cir. 2011). Finally, *Daubert v. NRA Group, LLC* actually disregarded a contradictory declaration under the sham-affidavit doctrine because it contradicted prior Rule 30(b)(6) testimony of a party's employee without explanation. 816 F.3d 382 (3d Cir. 2017). There is no allegation that Ms. Atkinson's declaration contradicts any prior testimony or evidence presented by Thumbtack.

Ms. Atkinson's declaration is competent evidence of Thumbtack's regular business practices. Indeed, other courts have granted Thumbtack's motions to compel arbitration with support from a similar declaration of Ms. Atkinson. *See, e.g., Turbin v. Thumbtack, Inc.*, No. 25-cv-03388, 2025 WL 3013972, *1, *5 (N.D. Cal. Oct. 28, 2025) (citing Ms. Atkinson's declaration). Within her declaration in this case, Ms. Atkinson described the account-creation process and Thumbtack's communication of the November 2022 TOU. (*See* App. at AA56–59). Upon reviewing business records, Ms. Atkinson determined that "All Thumbtack users — including Williams" were sent the Terms of Use update email on October 6, 2022. (App. at AA57).

Under Third Circuit and Pennsylvania law, once an email is sent, it is presumed received. *Stephenson v. AT&T Servs., Inc.*, No. 21-0709, 2021 WL 3603322, *4–*5 (E.D. Pa. Aug. 13, 2021) (collecting authority). It is Williams' burden to rebut that presumption. *Id.* at *5 (citing *Geise v. Nationwide Life & Annuity Co. of Am.*, 939 A.2d 409, 423 (Pa. Super. 2007)). Williams has offered no evidence—such as a forensic report of the email associated with the Williamses' Thumbtack account—to prove that the email was *not* delivered. His "bare assertions [and] conclusory allegations" fail to create a genuine dispute over notice of the November 2022 TOU. *Id.* at *6 (quoting *Fireman's*

*Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982)); *Tinder v. Pinkerton Security*, 305 F.3d 728, 732, 735–36 (7th Cir. 2002) (finding no genuine dispute of fact to preclude compelling arbitration where the only rebuttal evidence offered by the plaintiff regarding notice was an affidavit averring that she "did not recall seeing or reviewing the [arbitration materials]" and her pleadings "suggested" she was aware of such terms); *see* Appellee's Br. at 26.

Further, Williams raises several other factual "omissions" related to notice that he claims defeat the Motion. Appellee's Br. at 26. None of these "omissions" are material, genuine disputes of fact. First, while Ms. Atkinson's declaration does not specify exactly where the Terms of Use are on the website, she described when all users (including Williams) would have been directly presented with them, including the October 2022 email which introduced the November 2022 TOU. (App. at AA57–58). They were unavoidable because users *had* to see the links. (App. at AA56). Williams also does not dispute that Thumbtack's Terms of Use are publicly available. Second, it is immaterial whether Ms. Williams ever "opened" or "viewed" Thumbtack's Terms of Use; failure to read a contract when presented with it

is not an excuse and does not nullify it. *See Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983).

For these reasons and those stated in Appellant's Brief, Williams had reasonable notice of Thumbtack's Terms of Use, including the November 2022 TOU.

**B. Williams assented to the November 2022 TOU.**

Williams contends that Thumbtack has not met its burden in demonstrating "assent" to the arbitration agreement because "mere 'use' of a website after notice is not conclusive evidence of assent absent objective proof of acceptance." Appellee's Br. at 44. Williams broadly claims, (*id.*), that "Pennsylvania contract law" supports this position, but it does not.

The fatal flaw in Williams' argument is that he alleged that he hired A-G Eagle through Thumbtack and formed a binding agreement by agreeing to Thumbtack's Terms of Use. (App. at AA9, AA20). No case Williams cites permits a party to negate assent by contradicting such admissions.

Even considering Williams' sham and contradictory affidavits, however, there is still no genuine dispute of material fact that warrants discovery. With contract formation, mutual assent is "measured not by the parties' subjective intent" but rather by their objective expressions of assent.

*Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221–22 (3d Cir. 2008). A court can assess assent through a website user's action and inaction. Manifest "action" is commonly demonstrated by creating an account after receiving notification that, by doing so, the user agrees to applicable service terms. *See Checcia v. SoLo Funds, Inc.*, 771 F. Supp. 3d 594, 612–13 (E.D. Pa. 2025); *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 238 (E.D. Pa. 2007) (collecting cases). Manifest "inaction" could be demonstrated by a user's failure to opt out of an arbitration agreement, in conjunction with continued use of the applicable services past the opt-out deadline. *James v. GlobalTelLink Corp.*, 852 F.3d 262, 265–66 (3d Cir. 2017) (quoting Restatement (Second) of Contracts § 69); *cf. Stephenson*, 2021 WL 3603322, *6 (collecting authority in the employment-agreement context).

Pennsylvania contract law does not require a "clickwrap" acceptance in all circumstances, as Williams contends. Appellee's Br. at 26. Nor does the law require subjective recollection of an agreement's terms. *See Happy v. Marlette Funding, LLC*, 744 F. Supp. 3d 403, 413 (W.D. Pa. 2024); *Nicosia v. Amazon, Inc.*, 834 F.3d 220, 232 (2d Cir. 2016) ("[A]n internet user need not actually read the terms and conditions or click on a hyperlink that makes them available as long as she has notice of their existence.").

Williams does not offer competent Rule 56 evidence to dispute that:

(1) When creating a Thumbtack account, a user must accept the website's Terms of Use;

(2) In 2018, Thumbtack required all users to click a checkbox indicating that they agreed to the website's Terms of Use to continue using the platform;

(3) Thumbtack made the November 2022 TOU available through a hyperlink in the October 6, 2022 email that went to all users;

(4) The October 6, 2022 email informed all users that use of Thumbtack's website after that date would constitute acceptance of the website's terms;

(5) The November 2022 TOU explicitly informed the user (multiple times) that the terms contained arbitration and class-action waiver provisions;

(6) The terms notified the user that failure to opt out would mean that they were bound to arbitrate; and

(7) He did not opt out of the arbitration agreement.

(App. at AA57–59, AA62, AA85, AA87–89).

When combined with hiring of A-G Eagle in 2023 through the Thumbtack platform, these undisputed facts demonstrate a manifestation of assent to be bound by the arbitration agreement. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014) (describing that mutual asset

ordinarily turns on whether the consumer had reasonable notice of the merchant's terms).

The cases Williams cites do not support his position, either. Appellee's Br. at 42–43 (citing *Chilutti v. Uber Techs., Inc.*, 300 A.3d 430 (Pa. Ct. App. 2023); *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17 (2d Cir. 2002); *Sgouros v. TransUnion Corp.*, 817 F.3d 1029 (7th Cir. 2016)).

The Pennsylvania Supreme Court recently vacated and remanded the intermediate appellate court's decision in *Chilutti* holding that the lower court lacked jurisdiction to hear the appeal. *Chilutti v. Uber Techs., Inc.*, --- A.3d ---, 2026 WL 156181, *7 (Pa. Jan. 21, 2026). In any event, to the extent *Chilutti* has any precedential value, there, the defendant buried the hyperlink to its terms at the bottom of a "cluttered webpage," so even though the user clicked a button placed close to a notice about the terms, there was no reasonable notice and no contract formation. 300 A.3d at 448–50. Here, Thumbtack sent all users an email explicitly notifying them of the November 2022 TOU, and that continued use of the platform would constitute assent to the terms. That email contained clear and conspicuous hyperlinks to those terms. (App. at AA58).

*Specht* focused on arbitrability. The court considered whether the users' assent to licensing terms that included an arbitration agreement required them to arbitrate claims collateral to the licensing agreement. 306 F.3d at 35–37. Here, Williams does not dispute that his claims against Thumbtack would be covered by the arbitration clause.

In *Sgouros*, the Seventh Circuit found that the defendant "actively misleads" customers by placing the "I Accept" button in a location that obscured what the user was agreeing to by clicking on it. 817 F.3d at 1035–36. There is no evidence that Thumbtack's website interface or email notice was misleading in such a way.

Williams' attempt to conjure a factual issue by disavowing any agreement with Thumbtack is insufficient to avoid the consequences of that agreement or his previous admission thereto. *See Fireman's Ins. Co.*, 676 F.2d at 969 (describing that "bare assertions, conclusory allegations or suspicions" will not defeat summary judgment); *Jersey Cent. Power & Light Co. v. Twp. Of Lacey*, 772 F.2d 1103, 1009-10 (3d Cir. 1985) (arguments made in appellate briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion").

### C. There is no dispute regarding the arbitrability of Williams' claims against Thumbtack.

Throughout his brief, Williams conflates the concepts of "arbitrability" and the existence of an agreement to arbitrate. *See, e.g.*, Appellee's Br. at 24. Williams claims that to defeat Thumbtack's Motion, all he needed to do was show there is a "factual dispute" as to "arbitrability." *Id.* But Williams does not dispute that under the agreement he assented to, questions of arbitrability are delegated to the arbitrator. (App. at AA86). Nor does he dispute that his claims against Thumbtack would fall within the scope of the November 2022 TOU's arbitration agreement. (App. at AA85 (requiring arbitration of "any and all disputes between you and Thumbtack," including claims "arising out of relating to any aspect of the relationship between you and Thumbtack" and whether based in "contract, tort, statute, fraud, misrepresentation or any other legal theory").) Therefore, upon the (correct) conclusion that an arbitration agreement exists, there can be no dispute warranting further discovery that Williams' claims fall within the scope of the dispute resolution provision.

## V.     Williams creates a prejudice requirement to argue that the District Court did not commit procedural error.

Williams says that Thumbtack is incorrect in saying it was entitled to a reply to his Opposition to the Motion to Compel Arbitration by arguing that the District Court was "ordering the parties to conduct discovery" and that Thumbtack has failed to "point[] to what they would have said that could potentially have brought a different result or how the district court's action negatively impacted their case." Appellee's Br. at 28–29. In other words, Williams argues that reversal of the District Court's procedural error requires a separate showing of prejudice. There is no such showing required. Even if there were, Williams ignores substantial portions of Appellant's Brief regarding the specific harm caused by the court's procedural error (*e.g.*, deprivation of Thumbtack's right to arbitrate), and the unique nature of arbitration rights.

Thumbtack primarily wants to vindicate its contractual right to arbitration.  In doing so, however, it also seeks to vindicate its right to the correct application of the Federal Rules of Civil Procedure before arbitration, and basic fairness about being able to respond to new facts and arguments. Had Appellants been able to reply to Williams' Opposition—as proscribed

by the local rules and the District Court's Order (App. at AA120)—it would have presented an analysis of why (1) the contradictory Williams Declarations are improper and subject to the sham-affidavit doctrine; and (2) no genuine dispute of material fact precludes arbitration. Thumbtack laid out those arguments in its Appellant's Brief because it had not been afforded the opportunity to make them before the District Court ruled. *See* Appellant's Br. at 47–48.

Federal Rule of Civil Procedure 12(d) mandates that when a court considers matters outside the pleadings, all parties must be given a reasonable opportunity to present all materials pertinent to that motion. Fed. R. Civ. P. 12(d); *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 775 n.6. Williams and his wife raised new factual assertions and requested discovery for the first time in their opposition. The District Court expressly invited a reply, then ruled before the reply deadline expired, which deprived Thumbtack of the only mechanism to it could have raised the sham-affidavit doctrine, the materiality and genuineness of the new "disputed" facts, and the impropriety of discovery. No additional "prejudice" showing is required. The District Court's procedural error warrants reversal.

The District Court's error is underscored by the fact that a denial of a motion to compel arbitration constitutes a significant, immediately reviewable injury. 9 U.S.C. § 16(a)(1)(C); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 348 (2011). Arbitration benefits the parties by avoiding the costs and delays attendant to litigation—including the federal discovery obligations. *Concepcion*, 563 U.S. at 348; *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). Though not required in this case, the "prejudice" occurred at the moment Thumbtack was forced to litigate this matter without being provided an opportunity to present all its evidence and argument in support of its Motion. *Cf. Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010). For these reasons, and those stated in the Appellant's Brief, Thumbtack should have been afforded an opportunity to respond to Williams' Opposition.

## VI.   Williams' opposition to Thumbtack's request for oral argument is improper.

Williams filed an opposition to Thumbtack's request for oral argument to raise baseless jurisdictional arguments. *See* Dkt. No. 24.  Given the lack of reference to actually relevant authority for his opposition to oral argument, his opposition to oral argument resembles a mechanism for him to evade page or word limitations in the Appellee's Brief.

This appeal is neither "frivolous" nor the subject of "authoritatively decided" dispositive issues, as Williams contends. *Id.* at 3. This appeal concerns discrete substantive and procedural mistakes the District Court made in denying Thumbtack's contractual right to arbitrate and ordering unnecessary discovery.

## CONCLUSION

For the foregoing reasons, this Court should reverse the District Court's September 4, 2025 Order.

*[Signature page to follow.]*

**Dated:** January 28, 2026

Respectfully submitted,

/s/ Johanes Maliza

Johanes Maliza
Benesch Friedlander Coplan & Aronoff
127 Public Square, Suite 4900
Cleveland, OH 44114
(216) 363-1503
jmaliza@beneschlaw.com

Noelle B. Torrice
Benesch Friedlander Coplan & Aronoff
1313 North Market Street, Suite 1201
Wilmington, DE 19801
(302) 442-7056
ntorrice@beneschlaw.com

Meghan Golden
71 South Wacker Drive
Suite 1600
Chicago, IL 60606
(312) 624-6378
mgolden@beneschlaw.com

*Attorneys for Defendant Thumbtack Inc.*

## COMBINED CERTIFICATIONS

I hereby certify that this brief complies with the Federal and Local Rules in that it contains 5,625 words and was prepared in Microsoft Word and produced with a proportional serif 14-point font. I further certify that the text of the electronic brief is identical to the text in the paper copies. I further certify that the CrowdStrike Windows Sensor program has been run on the electronic brief, and no virus was detected. I further certify that I am a member in good standing of the Bar of this Court.

*/s/ Johanes Maliza*
Johanes Maliza
Benesch Friedlander Coplan & Aronoff

No. 25-2785

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| THUMBTACK, INC., | Appeal from the United States District Court for the Eastern District of Pennsylvania |
| Defendant-Appellant, | |
| vs. | Case No. 25-CV-3541 |
| AHMAD WILLIAMS, | Honorable John F. Murphy, United States District Judge, Presiding. |
| Plaintiff-Appellee. | |

**NOTICE OF FILING AND PROOF OF SERVICE**

TO:  Ms. PATRICIA S. DODSZUWEIT, Clerk, Office of the Clerk, United States Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106-1790

Mr. AHMAD WILLIAMS, 2639 Oakford Street, Philadelphia, PA 19146

Ms. WENDY D. TESTA, Wilson Elser 2001 Market Street, Two Commerce Square, Suite 3100, Philadelphia, PA 19103

PLEASE TAKE NOTICE that on January 28, 2026, the undersigned attorney filed Defendant-Appellant's Appellant's Reply Brief with the Clerk of the United States Court of Appeals for the Third Circuit, and served a

copy thereof upon all counsel of record, by electronic filing. Parties registered with ECF will receive notice of the filing. All other parties will receive this brief via First Class U.S. Mail.

**Date:** January 28, 2026                    Respectfully submitted,


                                              */s/ Johanes Maliza*
                                              Johanes Maliza
                                              Benesch Friedlander Coplan & Aronoff
                                              127 Public Square, Suite 4900
                                              Cleveland, OH 44114
                                              (216) 363-1503
                                              jmaliza@beneschlaw.com

                                              *Attorneys for Defendant Thumbtack Inc.*